**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc., *et al.*<br><br>*Debtors* | Chapter 11<br><br>Bky Case No. 23-10763 (DJB)<br>(Jointly Administered) |
| William A. Homony, in his capacity as Chapter 11 Trustee of the Bankruptcy Estates of Stream TV Networks Inc and Technovative Media Inc.<br><br>*Plaintiff,*<br>  v.<br><br>Rembrandt 3D Holding Ltd.,<br>Visual Semiconductor Inc, Mathu Rajan,<br>Raja Rajan, and Brown and Michaels PC,<br><br>*Defendants.* | Adversary No. 25-00138-djb |

<u>**DEFENDANTS VISUAL SEMICONDUCTOR INC. AND MATHU RAJAN'S ANSWER**</u>
<u>**AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ADVERSARY COMPLAINT**</u>

Defendants Visual Semiconductor, Inc. ("VSI") and Mathu Rajan (collectively "Responding Defendants"), by and through their counsel, Weisberg Law, hereby answer the Complaint and Claims Objection filed by Plaintiff William A. Homony ("Plaintiff") as follows:

1.      Denied.  Plaintiff's introductory paragraph is a request for relief to which no response is required.  By way of further answer, the allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Responding Defendants specifically deny that any obligations and associated transfers in connection with pre- and post-petition agreements among Stream TV Networks, Inc. ("Stream") and Defendants should be avoided and invalidated; that any post-petition transfer from Stream to Defendant Brown & Michaels, P.C. ("B&M") for the benefit of B&M and/or Defendant Rembrandt 3D Holding LTD ("Rembrandt") in the amount of $50,000.00 was unauthorized and

1

should be avoided and recovered; that the Proofs of Claim filed against the Debtors by Rembrandt (the "Rembrandt Claims") should be challenged, objected to and invalidated; and that the Rembrandt Claims should be subordinated below those of all other creditors of the Debtors' bankruptcy estates pursuant to Bankruptcy Code 11 U.S.C. § 510 (b) and (c).  Strict proof is demanded at the time of trial.

2.      Admitted.

3.      Denied.  The allegations in this paragraph refer to a party other than Responding Defendants and, as such, no response is required.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  Strict proof is demanded at the time of trial.

8.      Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to a written document which speaks for itself, and the characterizations of this document are specifically denied.  Strict proof is demanded at the time of trial.

9.      Admitted.

10.      Denied.  The allegations in this paragraph refer to a party other than Responding Defendants and, as such, no response is required.

11.     Admitted in part, denied in part.  Responding Defendants admit that VSI is a Wyoming Corporation.  Responding Defendants deny the remaining averments in this paragraph.

12.     Admitted.

13.     Denied.  The allegations in this paragraph refer to a party other than Responding Defendants and, as such, no response is required.  To the extent a response is required, Responding Defendants deny that Defendant Raja Rajan was employed at VSI as Chief Operating Officer, General Counsel, executive, director, or any other position with influence.

14.     Denied.  The allegations in this paragraph refer to a party other than Responding Defendants and, as such, no response is required.

15.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Responding Defendants deny that they colluded in an unlawful scheme to take ownership, possession or control of the Debtors' property or that they hindered, delayed, or defrauded Hawk Investment Holdings Limited ("Hawk") or other creditors.  Strict proof is demanded at the time of trial.

16.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to a written document which speaks for itself, and the characterizations of this document are specifically denied.  By way of further response, Responding Defendants deny the allegations of gross mismanagement, disqualifying conflicts, breach of fiduciary duties and disclosure obligations.  For example, Responding Defendants disclosed VSI's payments on behalf of Stream in amending filings.  Moreover, Responding Defendants deny that this Court found that Defendant Mathu Rajan acted improperly in contemporaneously acting as a fiduciary for both Stream and VSI.  Strict proof is demanded at the time of trial.

3

17.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants deny the allegations of bad faith and that Defendant Mathu Rajan orchestrated the bankruptcy filings.  Strict proof is demanded at the time of trial.

18.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants deny the allegations of bad faith and that Defendant Rembrandt was merely a "purported" creditor.  Strict proof is demanded at the time of trial.

19.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants deny the allegations of bad faith, alter ego, that Visual Technology Innovations, Inc. ("VTI") was the predecessor to VSI, and that VTI filed a Chapter 11 petition to stay litigation.  Moreover, Stream's bankruptcy filing was proved justified because the Omnibus Agreement that Stream sought to avoid in bankruptcy was ultimately invalidated and held void *ab initio* by the Delaware Supreme Court.  *See, Stream TV Networks, Inc. v. SeeCubic, Inc.*, 279 A.3d 323 (2022).  Strict proof is demanded at the time of trial.

20.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants deny the allegations of collusion, that the Settlement Agreement was a sham, that the Settlement Agreement required knowingly unattainable quantities of products, illusory rights, knowingly unattainable monetary payments, knowingly unattainable monthly payments, purported Rembrandt technologies, and that Stream's alleged failure to execute the Warrant Agreement would demonstrate the Settlement Agreement was a sham.  Strict proof is demanded at the time of trial.

21.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants deny the allegations of bad faith.  Strict proof is demanded at the time of trial.

22.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants deny the allegations of collusion, that the Settlement Agreement was a sham intended to manufacture standing and a fixed "allowed" claim for Rembrandt.  Strict proof is demanded at the time of trial.

23.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants deny that the documents confirm the allegations of collusion and that the Settlement Agreement was a sham because Defendant Rembrandt provided proofs to alleviate the skepticism of Rembrandt's claim as initially expressed by Stream representatives.  Strict proof is demanded at the time of trial.

24.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants deny that the documents confirm the allegations of collusion and that the Settlement Agreement was a sham.  Strict proof is demanded at the time of trial.

25.     Admitted in part and denied in part.  Although the averment reflects an accurate quotation of a written document, the characterizations of this document are specifically denied.  By way of further response, Responding Defendants deny that the document confirms the allegations of collusion and that the Settlement Agreement was a sham.  Strict proof is demanded at the time of trial.

26.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants

deny that the Stream's change from opposing the Settlement Agreement to accepting its terms confirms the allegations of collusion or that the Settlement Agreement was a sham to hinder, delay and defraud Debtors' creditors.  Strict proof is demanded at the time of trial.

27.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants deny the allegations of collusion, that the Settlement Agreement was a sham, and that any default of the Settlement Agreement was intended to hinder, delay and defraud Debtors' creditors. Moreover, although Stream had minimal capabilities and assets at the time the Settlement Agreement was executed, both Rembrandt and Stream entered into the Settlement Agreement with the expectation that Stream would prevail in overturning the Omnibus Agreement and that Stream's assets would be returned to Stream.  Strict proof is demanded at the time of trial.

28.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants deny the allegations of unauthorized agreements, transactions and transfer of $50,000.00 outside the ordinary course of business with insiders.  Strict proof is demanded at the time of trial.

29.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants

deny the allegation that the amendment of the Settlement Agreement was an unauthorized post-petition agreement/transaction outside the ordinary course of business with insiders.  Strict proof is demanded at the time of trial.

30.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants deny the allegation that the amendment of the Settlement Agreement was an unauthorized post-petition agreement/transaction outside the ordinary course of business with insiders, that the delivery schedule of at-cost products was illusory, that Stream had no ability to produce or deliver the required products, and that the amendment of the Settlement Agreement would deprive Stream of rights or that such provision would be triggered in the event Mathu Rajan was removed as the principal in control of Stream.  Strict proof is demanded at the time of trial.

31.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to a written document which speaks for itself, and the characterizations of this document are specifically denied.  By way of further response, Responding Defendants deny the allegation that the licensing covenant was an unauthorized post-petition agreement/transaction outside the ordinary course of business with insiders.  Strict proof is demanded at the time of trial.

32.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of

8

these documents are specifically denied. By way of further response, Responding Defendants deny the allegation that the licensing covenant was an unauthorized post-petition agreement/transaction outside the ordinary course of business with insiders and that the licensing covenant prioritized VSI's and Mathu Rajan's interests over the interests of Stream. Strict proof is demanded at the time of trial.

33.     Denied. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied. By way of further response, Responding Defendants deny the allegation that the licensing covenant was an unauthorized post-petition agreement/transaction outside the ordinary course of business with insiders and that the licensing covenant aligned Stream and VSI to the exclusion of Stream's subsidiaries. Strict proof is demanded at the time of trial.

34.     Denied. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied. By way of further response, Responding Defendants deny the allegation that the emails demonstrate an admission of fraudulent intent or that the licensing covenant was an unauthorized post-petition agreement/transaction outside the ordinary course of business with insiders. Moreover, Responding Defendants deny that an attempt to block Rembrandt from issuing licenses to parties who were defendants in an adversary case initiated by Stream, and who were subsequently enjoined by this Court from use of Stream's

technology, was an admission of any wrongdoing let alone fraudulent intent.  Strict proof is demanded at the time of trial.

35.     Admitted in part, denied in part.  Responding Defendants deny the allegation that the $50,000.00 transfer was an unauthorized post-petition agreement/transaction outside the ordinary course of business with insiders.  Strict proof is demanded at the time of trial.

36.     Admitted in part, denied in part.  Responding Defendants deny the allegation that the licensing covenant and $50,000.00 transfer were unauthorized post-petition agreements/transactions outside the ordinary course of business with insiders.  Strict proof is demanded at the time of trial.

37.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Responding Defendants deny the allegation that the $50,000.00 transfer was an unauthorized post-petition agreement/transaction outside the ordinary course of business with insiders.  Strict proof is demanded at the time of trial.

38.     Admitted.

39.     Admitted.

40.     Admitted.

41.     Admitted in part and denied in part.  Although the averment reflects an accurate description of a written document, the characterizations of this document are specifically denied.  By way of further response, Responding Defendants deny that the document required further explanation or was in any way improper.  Strict proof is demanded at the time of trial.

42.     Admitted in part and denied in part.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is

required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied. By way of further response, although Technovative was a holding company that never executed any contracts with Rembrandt, Responding Defendants deny that there was no basis supporting Rembrandt's claim against Technovative or that the claim was a sham. By way of further response, as of February 21, 2023, Technovative was a defendant in litigation with Rembrandt, which alleged misappropriation of trade secrets and infringement and alleged significant monetary damages. Strict proof is demanded at the time of trial.

43.   Admitted.

44.   Admitted in part and denied in part. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied. By way of further response, although Rembrandt filed the claim in the amount described, Responding Defendants deny that the claim was based on the Settlement Agreement. Rembrandt specifically stated that the claim was based on its litigation against Technovative, in which Rembrandt's damages were alleged to be an amount not less than the value of the Settlement Agreement. Strict proof is demanded at the time of trial.

45.   Denied. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, Responding Defendants deny that the Rembrandt claim is reliant on a securities transaction. The Rembrandt claim addendum details the amounts contributing to the $1.2 billion Rembrandt claim, and the issuance

of Stream stock contemplated by the Settlement Agreement is not included in the calculation. Strict proof is demanded at the time of trial.

46.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, the Rembrandt claims do not demonstrate that Debtors did not receive reasonably equivalent value in exchange for incurring the obligations contained in the Settlement Agreement, Settlement Amendment and Licensing Covenant.  The Rembrandt claims were filed because Stream, under the direction of the Trustee, enabled infringement of Rembrandt's intellectual property and refused to acknowledge the validity of Rembrandt's agreements.  Strict proof is demanded at the time of trial.

47.     Admitted.

48.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Responding Defendants deny the allegations as defamatory and scandalous.  Describing Mathu Rajan's fundraising activities as an effort to "fleece unsuspecting investors" and as a "scheme which smacks of securities fraud" without a scintilla of evidence is irresponsible and baseless.  Responding Defendants always included full disclosures in all fundraising documents.  Moreover, Responding Defendants deny that the Omnibus Agreement was a friendly foreclosure because it was vigorously contested.  Further, Responding Defendants deny that the value of the Settlement Agreement to Stream was zero because it ended years of litigation between Stream and

Rembrandt and conferred upon Stream the ability to move forward with product development and sales. Strict proof is demanded at the time of trial.

49.    Denied. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, Responding Defendants deny that Stream was insolvent at all times material hereto and that it was grossly undercapitalized to attempt to engage in its business. Strict proof is demanded at the time of trial.

50.    This is a paragraph of incorporation by reference for which no response is required.

51.    Denied. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied. By way of further response, Responding Defendants deny that the Settlement Agreement, Settlement Amendment and/or Licensing Covenant should be avoided. Strict proof is demanded at the time of trial.

52.    Denied. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied. By way of further response, Responding Defendants deny that the Debtors entered into the Settlement Agreement, Settlement Amendment and/or Licensing Covenant with the intent to hinder, delay and defraud creditors. Strict proof is demanded at the time of trial.

53.     Denied.   The allegations in this paragraph are conclusions of law to which no responsive pleading is required.   To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.   By way of further response, Responding Defendants deny that the Settlement Agreement, Settlement Amendment and/or Licensing Covenant should be avoided.   Strict proof is demanded at the time of trial.

54.     Denied.   The allegations in this paragraph are conclusions of law to which no responsive pleading is required.   To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.   By way of further response, Responding Defendants deny that the Debtors did not receive reasonably equivalent value in exchange for incurring the obligations or making the transfers under the Settlement Agreement, Settlement Amendment and/or Licensing Covenant.   Strict proof is demanded at the time of trial.

55.     Denied.   The allegations in this paragraph are conclusions of law to which no responsive pleading is required.   To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.   By way of further response, Responding Defendants deny that the Settlement Agreement, Settlement Amendment and/or Licensing Covenant were entered into when Stream was insolvent and constitute avoidable obligations and fraudulent transfers for which Responding Defendants should be liable.   Strict proof is demanded at the time of trial.

56.     Denied.   The allegations in this paragraph are conclusions of law to which no responsive pleading is required.   To the extent a response is required, Responding Defendants

14

deny that Stream was insolvent at all times material hereto and that it was grossly undercapitalized to attempt to engage in its business.  Strict proof is demanded at the time of trial.

57.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants deny that the obligations incurred and accompanying transfers made pursuant to the Settlement Agreement, Settlement Amendment and/or Licensing Covenant should be avoided.  Strict proof is demanded at the time of trial.

58.     This is a paragraph of incorporation by reference for which no response is required.

59.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants deny that the Debtors entered into the Settlement Agreement, Settlement Amendment and/or Licensing Covenant with the intent to hinder, delay and defraud creditors.  Strict proof is demanded at the time of trial.

60.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants

deny that the Debtors did not receive reasonably equivalent value in exchange for incurring the obligations or making the transfers under the Settlement Agreement, Settlement Amendment and/or Licensing Covenant.  Strict proof is demanded at the time of trial.

61.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants deny that the Settlement Agreement, Settlement Amendment and/or Licensing Covenant were entered into when Stream was insolvent and constitute avoidable obligations and fraudulent transfers for which Responding Defendants should be liable.  Strict proof is demanded at the time of trial.

62.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Responding Defendants deny that Stream was insolvent at all times material hereto and that it was grossly undercapitalized to attempt to engage in its business.  Strict proof is demanded at the time of trial.

63.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants deny that the obligations incurred and accompanying transfers made pursuant to the Settlement Agreement, Settlement Amendment and/or Licensing Covenant should be avoided.  Strict proof is demanded at the time of trial.

16

64.     This is a paragraph of incorporation by reference for which no response is required.

65.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants deny the allegations of unauthorized agreements, transactions and transfer of $50,000.00 outside the ordinary course of business with insiders.  Strict proof is demanded at the time of trial.

66.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Responding Defendants deny the allegations of unauthorized agreements, transactions and transfer of $50,000.00 outside the ordinary course of business with insiders.  Strict proof is demanded at the time of trial.

67.     This is a paragraph of incorporation by reference for which no response is required.

68.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants deny the allegations of collusion, that the Settlement Agreement, Settlement Amendment and Licensing Covenant were entered into to defraud the Debtors and their creditors in furtherance of Defendants' self-interests and contrary to the interests of the Debtors and their non-insider creditors.  Strict proof is demanded at the time of trial.

69.    Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants deny the allegations of collusion, fraudulent conduct, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty.  Strict proof is demanded at the time of trial.

70.    Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants deny any wrongdoing and that the Court should rescind or void the Settlement Agreement, Settlement Amendment and Licensing Covenant.  Strict proof is demanded at the time of trial.

71.    This is a paragraph of incorporation by reference for which no response is required.

72.    Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants deny that Stream's alleged failure to execute the Warrant Agreement would invalidate the Settlement Agreement.  Strict proof is demanded at the time of trial.

73.    Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of

these documents are specifically denied.  By way of further response, Responding Defendants deny that Stream's alleged failure to execute the Warrant Agreement would demonstrate the Settlement Agreement was a sham.  Strict proof is demanded at the time of trial.

74.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants deny the allegations of collusion, that the Settlement Agreement was a sham, that the Settlement Agreement required knowingly unattainable quantities of products, illusory rights, knowingly unattainable monetary payments, and knowingly unattainable monthly payments.  Strict proof is demanded at the time of trial.

75.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants deny the allegations of collusion and that the Settlement Agreement was a sham intended to hinder, delay and defraud Debtors' creditors.  Strict proof is demanded at the time of trial.

76.     Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants deny that the Court should rescind or void the Settlement Agreement, Settlement Amendment and Licensing Covenant.  Strict proof is demanded at the time of trial.

77.    This is a paragraph of incorporation by reference for which no response is required.

78.    Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants deny the allegations of collusion and that the Settlement Agreement was a sham and should be avoided or voided and afforded no validity.  Moreover, Responding Defendants deny that Rembrandt's claim was based on the Settlement Agreement.  Rembrandt specifically stated that the claim was based on its litigation against Technovative, in which Rembrandt's damages were alleged to be an amount not less than the value of the Settlement Agreement.  Strict proof is demanded at the time of trial.

79.    Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants deny that there was no basis supporting Rembrandt's claim against Technovative or that the claim was a sham.  Although Stream had minimal capabilities and assets at the time the Settlement Agreement was executed, both Rembrandt and Stream entered into the Settlement Agreement with the expectation that Stream would prevail in overturning the Omnibus Agreement and that Stream's assets would be returned to Stream.  Moreover, Responding Defendants deny that the Rembrandt claim was based on the Settlement Agreement.  The Rembrandt claims were filed because Stream, under the direction of the Trustee, enabled

20

infringement of Rembrandt's intellectual property and refused to acknowledge the validity of Rembrandt agreements.   As of February 21, 2023, Technovative was a defendant in litigation with Rembrandt, which alleged misappropriation of trade secrets and infringement and alleged significant monetary damages.   Rembrandt specifically stated that the claim was based on its litigation against Technovative, in which Rembrandt's damages were alleged to be an amount not less than the value of the Settlement Agreement.   Strict proof is demanded at the time of trial.

80.    Admitted in part and denied in part.   The allegations in this paragraph are conclusions of law to which no responsive pleading is required.   To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.   By way of further response, although Technovative was a holding company that never executed any contracts with Rembrandt, Responding Defendants deny that there was no basis supporting Rembrandt's claim against Technovative or that the claim was frivolous.   By way of further response, as of February 21, 2023, Technovative was a defendant in litigation with Rembrandt, which alleged misappropriation of trade secrets and infringement and alleged significant monetary damages.   Strict proof is demanded at the time of trial.

81.    Denied.   The allegations in this paragraph are conclusions of law to which no responsive pleading is required.   To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.   By way of further response, Responding Defendants deny that Rembrandt's claims are otherwise specious.   Although Stream had minimal capabilities and assets at the time the Settlement Agreement was executed, both Rembrandt and Stream entered into the Settlement Agreement with the expectation that Stream would prevail in

21

overturning the Omnibus Agreement and that Stream's assets would be returned to Stream. Moreover, Responding Defendants deny that the Rembrandt claim was based on the Settlement Agreement.   The Rembrandt claims were filed because Stream, under the direction of the Trustee, enabled infringement of Rembrandt's intellectual property and refused to acknowledge the validity of Rembrandt agreements.   As of February 21, 2023, Technovative was a defendant in litigation with Rembrandt, which alleged misappropriation of trade secrets and infringement and alleged significant monetary damages.   Rembrandt specifically stated that the claim was based on its litigation against Technovative, in which Rembrandt's damages were alleged to be an amount not less than the value of the Settlement Agreement.   Strict proof is demanded at the time of trial.

82.      Denied.   The allegations in this paragraph are conclusions of law to which no responsive pleading is required.   To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.   By way of further response, Responding Defendants deny that Rembrandt's claims are grossly inflated, specious and unsupportable.   Although Stream had minimal capabilities and assets at the time the Settlement Agreement was executed, both Rembrandt and Stream entered into the Settlement Agreement with the expectation that Stream would prevail in overturning the Omnibus Agreement and that Stream's assets would be returned to Stream.   Moreover, Responding Defendants deny that the Rembrandt claim was based on the Settlement Agreement.   The Rembrandt claims were filed because Stream, under the direction of the Trustee, enabled infringement of Rembrandt's intellectual property and refused to acknowledge the validity of Rembrandt agreements.   As of February 21, 2023, Technovative was a defendant in litigation with Rembrandt, which alleged misappropriation of

trade secrets and infringement and alleged significant monetary damages. Rembrandt specifically stated that the claim was based on its litigation against Technovative, in which Rembrandt's damages were alleged to be an amount not less than the value of the Settlement Agreement. Strict proof is demanded at the time of trial.

83.     This is a paragraph of incorporation by reference for which no response is required.

84.     Denied. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied. By way of further response, Responding Defendants deny that the Rembrandt claim is reliant on a securities transaction. The Rembrandt claim addendum details the amounts contributing to the $1.2 billion Rembrandt claim, and the issuance of Stream stock contemplated by the Settlement Agreement is not included in the calculation. Strict proof is demanded at the time of trial.

85.     Admitted in part and denied in part. The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied. By way of further response, although this averment accurately reflects the cited section of the Bankruptcy Code, Responding Defendants deny that the Rembrandt claim is reliant on a securities transaction. The Rembrandt claim addendum details the amounts contributing to the $1.2 billion Rembrandt claim, and the issuance of Stream stock contemplated by the Settlement Agreement is not included in the calculation. Strict proof is demanded at the time of trial.

86.    Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants deny that the Rembrandt claim is reliant on a securities transaction.  The Rembrandt claim addendum details the amounts contributing to the $1.2 billion Rembrandt claim, and the issuance of Stream stock contemplated by the Settlement Agreement is not included in the calculation. Strict proof is demanded at the time of trial.

87.    This is a paragraph of incorporation by reference for which no response is required.

88.    Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants deny the allegations of inequitable conduct, collusion, and that the Settlement Agreement was a sham and was intended to hinder, delay and defraud Debtors' creditors.  Moreover, Responding Defendants deny the allegations of bad faith and that Defendant Rembrandt was merely a "purported" or "friendly" creditor.  Further, Responding Defendants deny the allegations of breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and conspiracy.  Strict proof is demanded at the time of trial.

89.    Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of

these documents are specifically denied.  By way of further response, Responding Defendants deny the allegations of collusion or other inequitable wrongdoing.  Strict proof is demanded at the time of trial.

90.    Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, Responding Defendants deny the allegations of inequitable conduct.  Strict proof is demanded at the time of trial.

91.    Denied.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph refer to written documents which speak for themselves, and the characterizations of these documents are specifically denied.  By way of further response, Responding Defendants deny the allegations of willful, unfair, bad faith, and/or inequitable conduct.  Strict proof is demanded at the time of trial.

92.    This is a paragraph of incorporation by reference for which no response is required.

93.    Denied.  Responding Defendants deny the allegation that the $50,000.00 transfer was an unauthorized post-petition agreement/transaction outside the ordinary course of business with insiders.  Strict proof is demanded at the time of trial.

94.    Denied.  Responding Defendants deny the allegation that the $50,000.00 transfer was an unauthorized post-petition agreement/transaction outside the ordinary course of business with insiders.  Strict proof is demanded at the time of trial.

95.    Denied.  Responding Defendants deny the allegation that the $50,000.00 transfer was an unauthorized post-petition agreement/transaction outside the ordinary course of business with insiders.  Strict proof is demanded at the time of trial.

WHEREFORE, Responding Defendants respectfully demand judgment in their favor and against Plaintiff, together with attorney's fees, costs, and such other and further relief as the Court deems appropriate and just.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it does not exist under law, Responding Defendants assert the following affirmative defenses:

1.    **Failure to State a Claim.** The Complaint fails to state a claim upon which relief may be granted.

2.    **Good Faith and Reasonably Equivalent Value.** Any transfers referenced in the Complaint were made in good faith and for reasonably equivalent value, precluding avoidance under 11 U.S.C. §§ 544, 548, and similar state laws (6 Del. C. §§ 1304–1305; 12 Pa. C.S.A. § 5104).

3.    **Statute of Limitations.** Plaintiff's claims are barred by the applicable statutes of limitations, including but not limited to 11 U.S.C. § 546(a) and state-law time bars.

4.    **Subsequent New Value.** Plaintiff's preferential transfer claims are based on new goods or services provided to the debtor as permitted by 11 U.S.C. § 547(c).

5.    **Ordinary Course of Business.** The obligations and transfers made pursuant to the Settlement Agreement, Settlement Amendment and Licensing Covenant were made in the ordinary course of business as permitted by 11 U.S.C. § 547(c).

6.    **Contemporaneous Exchange.** Responding Defendants provided or promised to provide goods or services to the Debtors pursuant to the Settlement Agreement, Settlement Amendment and Licensing Covenant at the same time the Debtors made payments or promised to make payments to Responding Defendants as permitted by 11 U.S.C. § 547(c).

26

7.      **Lack of Standing.** Plaintiff lacks standing to assert certain claims, including claims not properly assigned or claims belonging to creditors individually.

8.      **Estoppel.** Plaintiff is estopped from asserting these claims based on prior conduct, judicial admissions, or approved transactions.

9.      **Waiver.** The Plaintiff or Debtor knowingly and voluntarily waived the rights it now asserts.

10.     **In Pari Delicto.** The Debtor participated in or directed the acts alleged, barring recovery under the in *pari delicto* doctrine.

11.     **Res Judicata and Collateral Estoppel.** Some or all of the claims are barred by prior final judgments or decisions of this or other courts.

12.     **Unclean Hands.** Plaintiff's own misconduct precludes it from obtaining equitable relief.

13.     **Ratification.** The Debtor ratified the agreements and transfers challenged, including the Settlement Agreement, Settlement Amendment and Licensing Covenant.

14.     **Laches.** Plaintiff unreasonably delayed pursuing these claims, to the prejudice of Responding Defendants.

15.     **Failure of Condition Precedent.** Plaintiff failed to satisfy conditions precedent required for relief.

16.     **Business Judgment Rule.** To the extent fiduciary duty claims are raised, they are barred by the business judgment rule.

17.     **Setoff / Recoupment.** Responding Defendants are entitled to offset or recoup amounts owed against any recovery Plaintiff seeks.

Responding Defendants reserve the right to assert additional defenses as discovery progresses.

WHEREFORE, Responding Defendants respectfully demand judgment in their favor and against Plaintiff, together with attorney's fees, costs, and such other and further relief as the Court deems appropriate and just.

Respectfully Submitted,

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
L. Anthony DiJiacomo, III
Gary Schafkopf
7 South Morton Avenue
Morton, PA 19070
Telephone:     (610) 690-0801
Facsimile:     (610) 690-0880
mweisberg@weisberglawoffices.com
adijiacomo@weisberglawoffices.com
gschafkopf@weisberglawoffices.com
*Attorneys for Defendants,*
*Visual Semiconductor, Inc. and Mathu Rajan*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc., *et al.*<br><br>*Debtors* | Chapter 11<br><br>Bky Case No. 23-10763 (DJB)<br>(Jointly Administered) |
| William A. Homony, in his capacity as Chapter 11 Trustee of the Bankruptcy Estates of Stream TV Networks Inc and Technovative Media Inc.<br><br>*Plaintiff,*<br><br>v.<br><br>Rembrandt 3D Holding Ltd.,<br>Visual Semiconductor Inc, Mathu Rajan,<br>Raja Rajan, and Brown and Michaels PC,<br><br>*Defendants.* | Adversary No. 25-00138-djb |

<u>**CERTIFICATE OF SERVICE**</u>

I, Matthew B. Weisberg, Esquire, hereby certify that on this 18th day of June 2025, a true

and correct copy of the foregoing Answer was served via ECF upon all counsel of record.

**WEISBERG LAW**

<u>/s/ Matthew B. Weisberg</u>
Matthew B. Weisberg, Esquire
L. Anthony DiJiacomo, III
Gary Schafkopf
7 South Morton Avenue
Morton, PA 19070
Telephone:    (610) 690-0801
Facsimile:    (610) 690-0880
mweisberg@weisberglawoffices.com
adijiacomo@weisberglawoffices.com
gschafkopf@weisberglawoffices.com
*Attorneys for Defendants,*
*Visual Semiconductor, Inc. and Mathu Rajan*

29