## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
|    **Stream TV Networks, Inc. and** | : | |
|    **Technovative Media, Inc.,** | : | |
| | : | **Bky No.  23-10763 (DJB)** |
|    Debtors. | : | |
| | : | |
| | : | |
| | : | |
| **Rembrandt 3D Holding Ltd.,** | : | |
| | : | |
|    Plaintiff, | : | |
| | : | **Adv. Proc. No. 24-00142 (DJB)** |
|    v. | : | |
| | : | |
| **Shadron L. Stastney, Hawk Investment** | : | |
| **Holdings, Ltd., SeeCubic, Inc., and** | : | |
| **SLS Holdings VI, LLC,** | : | |
| | : | |
|    Defendants. | : | |
| | : | |

## ORDER ABSTAINING AND DISMISSING CASE WITHOUT PREJUDICE

**AND NOW,** upon consideration of defendant SeeCubic, Inc.'s Motion *to Dismiss the Revised Amended Adversary Proceeding* (the "Motion") [Dkt. No. 42] and the related pleadings [Dkt. Nos. 43, 47 & 48], and for the reasons* stated herein, it is hereby **ORDERED** that the Motion is **GRANTED** and the above-captioned adversary proceeding is **DISMISSED without prejudice**.

The Clerk is directed to **CLOSE** the case.

Date: **April 28, 2026**

_____
**DEREK J. BAKER**
**U.S. BANKRUPTCY JUDGE**

## *ENDNOTE

The parties before the Court here are well-acquainted with the general factual history of this case and the Court will restrict itself to the limited background necessary for the present matter.  Rembrandt 3D Holding Ltd. ("Rembrandt"), or its predecessor, has owned certain intellectual property for well over a decade.  At some point prior to the present bankruptcy, Rembrandt developed a relationship with the debtor Stream TV Networks, Inc. ("Stream") whereby Rembrandt licensed certain intellectual property to Stream.  That relationship has since soured.

SeeCubic Inc. ("SeeCubic") was created sometime prior to 2020 to receive the assets of Stream.  While it is unclear from the pleadings exactly when or what transactions caused SeeCubic to come into possession of Rembrandt's technology, Rembrandt alleges that SeeCubic has been infringing on their intellectual property rights since 2020, or at least by 2022.  [See Dkt. No. 37. Am. Compl.  ¶¶ 35 & 36 and associated Exhibits].  Rembrandt also pleads that it is a party to a pending federal action with SeeCubic pending in the District of Delaware.  [See Dkt. No. 37. Am. Compl. ¶120].

Stream's present bankruptcy in this Court was filed March 15, 2023 and this Court approved a sale of substantially all of the Debtors' assets to SeeCubic on December 9, 2024.  The Asset Purchase Agreement and Sale Order took great pains to clarify that Rembrandt's property was not being sold and that Rembrandt was in no way prevented from pursuing claims against SeeCubic.  Rembrandt alleges this action is necessary to re-confirm its ownership rights in its intellectual property and prosecute SeeCubic for alleged ongoing infringement.  SeeCubic counters that this Court lacks subject matter jurisdiction to hear this action because it is not "related to" Stream's bankruptcy case.

It is true that this action involves two non-debtor parties, but Court need not decide whether it has subject matter jurisdiction to hear this case, despite that issue being front and center in the parties' pleadings.  The Court simply notes that it finds In re Midway Games Inc. to be highly instructive.  See Threshold Ent., Inc. v. Midway Games Inc., *et al* (In re Midway Games Inc.), 446 B.R. 148 (Bankr. D. Del. 2011) (finding the bankruptcy court had no jurisdiction over a dispute between two unrelated third parties over intellectual property which was not part of the estate and the resolution of which could not affect the debtors' estate).  This Court also questions how this dispute would lead to liability or assets flowing to the estate.  However, a jurisdictional ruling either way would come with potential delay that could prejudice all parties; such a result is easily avoided.

Assuming that the Court has jurisdiction, the Court will simply invoke permissive abstention to refrain from hearing this case.  Bankruptcy courts have wide discretion to invoke permissive abstention and refrain from hearing any case over which it would otherwise have jurisdiction.  See In re Essar Steel Minnesota, LLC, 47 F.4th 193, 201 (3d Cir. 2022).  A decision to permissively abstain is committed wholly to the bankruptcy court and not subject to review.  See In re Seven Fields Dev. Corp., 505 F.3d 237, 251 (3d Cir. 2007).

Courts consider several factors in determining whether to invoke permissive abstention:

(1) the effect on the efficient administration of the estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence of non-debtor parties.

In re Boltz-Rubinstein, 574 B.R. 542, 553 (Bankr. E.D. Pa. 2017).  While abstention is most commonly invoked when state law claims are at issue, 28 U.S.C. § 1334(c)(1) contemplates abstention anytime it would serve "the interest of justice" and is therefore not limited to state-law cases.  See Asbestosis Claimants v. Apex Oil Co. (In re Apex Oil Co.), 980 F.2d 1150, 1152 (8th Cir. 1992); In re Repurchase Corp., 329 B.R. 832, 835 (Bankr. N.D. Ill. 2005).

Most relevant here, the Court recognizes that the following factors exist from the prior recitation which all favor abstention:

(1) this dispute likely has no effect on the estate and would be most efficiently decided in another court rather than as an accessory to the present bankruptcy case;

(4) both parties recognize pending litigation in the District of Delaware, and it appears that the relief Rembrandt seeks here is either being sought or could be sought in that non-bankruptcy court;

(5) while federal court subject matter jurisdiction does not appear to be disputed, the grounds for jurisdiction under 28 U.S.C. § 1334 are attenuated as discussed above;

(6) this proceeding has no connection to what remains of the main bankruptcy case (i.e., disposition/distribution of estates proceeds to creditors);

(7) the substance of this claim is a non-bankruptcy intellectual property dispute with only superficial ties to this bankruptcy case;

(9) this dispute is poised to potentially involve overseeing compliance with ongoing injunctive relief in a dispute that may outlast the Debtors' main bankruptcy case, where a sale of substantially all assets has already been completed;

(10) while there is a dispute about whether this case and the District of Delaware case are actually the same, there is at least the possibility that forum shopping or other forms of gamesmanship prompted the filing of the present case in this Court; and

(12) this dispute is entirely between non-debtor parties.

Therefore, given that the applicable permissive abstention factors overwhelmingly support abstention, the Court abstains from hearing this dispute pursuant to 28 U.S.C. § 1334(c) and, in the exercise of such abstention, dismisses the adversary proceeding in its entirety without prejudice.